UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JONATHAN CASTELLANO ) | Civil Case No.: 3:19-CV-30061 |
| Plaintiff ) | |
| v. ) | COMPLAINT |
| BAYSTATE PLACE BEACON COMMUNITIES ) | JURY TRIAL DEMANDED |
| LCC ) | |
| Defendants. ) | |
| ) | |

## INTRODUCTION

Comes Now the Plaintiff Jonathan Castellano (hereinafter "Mr. Castellano" or "Plaintiff") By and through representing myself, bring suit against the Defendant, Baystate Place Beacon Communities LCC, ("Baystate Place" or "Defendant"). In support thereof, the Plaintiff alleges, avers, and states as follows:

## PARTIES

1. The Plaintiff, JONATHAN CASTELLANO is natural person residing at 414 Chestnut St, Springfield, Massachusetts

2. The Defendant, Baystate Place Beacon Communities LCC is a privately owned real estate firm with a principal place of business at Two Center Plaza, Suite 700 Boston, Massachusetts 02108.

### FACTS COMMON TO ALL COUNTS/Discrimination/Retalation

3. At all times relevant hereto, Plaintiff have lived at Baystate Place since late 2013 at

1

location 414 Chestnut St Apt 1012 Springfield, Massachusetts ("Springfield Location").

4. Upon information and belief, Baystate Place location at 414 Chestnut St Main Office was owned and operated at all times by Defendant.

5. May 11, 2016 Docket No: 16SPR01122 (MCAD) - Section 10 <u>Retaliation Prohibited</u> - M.G.L. c. 151B. Beacon Communities agreed Not To Retaliate against Jonathan Castellano

6. Mr. Castellano had a meeting in December 6, 2016 regarding recertification and noise complaint acompanied with his support Alax Siqueira in the Baystate Place office at Springfield location.

7. The former employers Assistant Property Manager Amy Broderick, Residential Cordinator Nayroby Rosa ,Kimberly Morales (who was there for a brief moment) and Mia Rocco (Sr.Cos) employees of Defendant.

8. While in the scope of the employees, Ms. Broderick, Ms. Rosa and Ms. Rocco surreptitiously had a meeting with the Plaintiff and Witness/Support was present, while was engaged in obligation of the Plaintiff to sign the paper regarding the recertification on date of Dec 6, 2016.

9. The Support saw the Plaintiff was addle with emotional disorder at the meeting

10. During that meeting, his Support Alax Siqueira was asking Ms.Rocco for the Plaintiff to have the opportunity to read and review the recertification document at home.

11. Ms. Rocco disregarded with dispicable behavior towards my disability, she denied the Plaintiff to have any opportunity to review the documents because she saw that the Plaintiff was not in mental stable condition.

12. Ms.Rocco continued to Enforce and treatded the Plaintiff to sign the agreements of the recertification.

13. Mr. Castellano was colloborated but the Plaintiff had no knowledge what he signed, and caused Panic to the Plaintiff.

14. After Ms.Rocco left the meeting immediately, Ms Nayroby and Ms Broderick started pressured the Plaintiff to arrive at his apartment.

15. Ms Nayroby and Ms Broderick ignored the Plaintiff's Support about to find a solution for stereo noise in the apartment of the Plaintiff.

16. Ms Nayroby and Ms Broderick forced and surreptitiously to go inside the Plaintiff's

2

apartment.

17. Mr. Castellano collaborated with Ms Nayroby and Ms Broderick, but had no knowledge that his Privacy was going to be invaded.

18. Ms Nayroby and Ms Broderick arrived with the Plaintiff and his Support inside the Plaintiff's apartment.

19. Ms. Nayroby and Ms Broderick forced the Plaintiff to turn on his stereo equipment and raised the volume to demonstrate what was loud and what was normal volume, made the Plaintiff disturbed and panicked by the situation when Ms.Broderick screamed at the Plaintiff in front of his Support.

20. Ms Broderick malicious plan with Ms. Nayroby to take the Plaintiff to go two floors down the stairs and at the same time his Support was with Ms. Nayroby inside the Plaintiffs apartment.

21. Ms.Nayroby took multiple pictures and video of the plaintiffs personal property including personal/intimant belongings and pictures/videos of the Plaintiff's Support without any permission or consent of both Plaintiff and His Support.

22. After the incident, Ms Nayroby and Ms Broderick left from the Plaintiff's apartment quickly and very suspiciously.

23. After they left, his Support confessed to the Plaintiff, that he witness photos and videos being taken inside the plaintiffs apartment.

24. After the episode his Support saw the Plaintiff in severe emotional distress and tried to solace the Plaintiff.

25. After his Support left, the Plaintiff could not control himself and had mental breakdown that led to suicide and his was received help from the emergency crisis. Where The Plaintiff remained there for 2 weeks.

26. The Defendant confirmed that they took pictures and video recorded of the Plaintiff's personal property.

27. Previously and recently the Plaintiff have suffered constantly Invasion of Privacy and Harassed, from Senior Property Manager Libby Hernandez and her Staffs wthout notification or permission. Made the Plaintiff worsening his mental sanity, where it has caused the Plaintiff to be Hospitalized several times.

28. The pictures, videotaping, mistreatment and threatening plus the recertification agreement situation and in addition harassments subsequent caused Mr. Castellano

3

severe emotional distress and damages, humilation, embarassement.

### Count 1 - Invasion of Privacy/Discrimination/Retaliation

29. Plaintiff realleeges paragraphs 1-28 and incorporates them herein.

30. Mr. Castellano had a reasonable expectation of privacy regarding his habitat and personal property.

31. The acts described in paragraphs 14-28, above, invaded Plaintiff's privacy.

32. The interference with Mr. Castellano's privacy was unreasonable, substantial, and serious.

33. Mr. Castellano was up to date with his rent payment and coerced recertification and unwarranted noise complaints, and their inhumane, malicious, formulated a plan and took multiple pictures/videos of his personal property include his intimate belongings inside the Plaintiff's Habitat has caused great embarassment,humilation and severe mental anguish and emotional distress.

### Count II - Negligence/Discrimination/Retaliation

34. Plaintiff realleges paragraphs 1-33 and incorporates them herein.

35. Defendant Breached Contract agreement for Docket No: 16SPR01122 (MCAD) "Section 10 Retaliation Prohibited - M.G.L. c. 151B".

36. December 6, 2016 Meeting was after business hours.

37. The Defendant coerced Mr. Castellano to sign the recertification.

38. The Defendant refused and denied extra time to review the recertification at The Plaintiff's Home.

39. The Defendant took advantage of The Plaintiff's disability.

40. The Defendant knew Mr. Castellano did not understand what the Plaintiff signed.

41. At the Meeting on Dec 6, 2016 ,the Plaintiff was unaware that the Defendant was forcing the Plaintiff to go into his apartment without a proper notice or notification.

42. The Defendant enforced the Plaintiff to raise the volume of his stereo equipment at maximum volume.

43. Defendant was negligent by illegally taking multiple pictures and videos of the Plaintiff's

4

personal property include intimate belongings.

44. The Defendant did not have any permission granted from the Plaintiff to take pictures and videos.

45. Defendant is still negligent by failing to maintain adequate policies, procedures and /or safeguards which would prevent the harm suffered by the plaintiff's including mental health and physical condition.

46. Mr. Castellano's severe emotional distress was reasonable given the circumstances The Plaintiff was frequently hospitalized as described above.

47. Plaintiff has suffered severe mental manifestations of distress caused by Defendant's negligence, as well as other harm.

### Count III - Intententional Infliction of Emotional Distress/Discrimination/Retaliation

48. Plaintiff realleges paragraphs 1-47 and incorporates them herein.

49. Defendants conduct as described in paragraphs 6-28 was and still extreme and outrageous.

50. The Defendants intentionally caused plaintiff severe distress and permanent psychological damage when engaging in the acts described in paragraphs 6-28.

51. Defendant is vicariously liable for all the staffs conduct that was mentioned above.

### Relief Requested

The Plaintiff demands judgement against the defendant on each of the Counts stated, against the defendant on each of the Counts stated including below, in an amount of $1 Million Dollars, just and adequate for the injuries and damages sustained, and the pain and suffering endured, punitive damages.

### PLAINTIFF HEREBY DEMANDS A TRAIL BY JURY ON ALL COUNTS

### Additional Information For Counts II and III/Discrimination/Retaliation/Negligence

a. Defendant was retaliated in regarding the parking policy of the Plaintiff's Vehicle was towed by a towing private company without warning signs or proper notification on Spring April 2017.

b. On May 16, 2017 The Defendant was negligent and retaliated in having construction earlier than 7am Illegal time plus excessively loud noise

c. On August 22, 2017 ,The Defendant was negligent In regards to noise exceeding 50 feet above ground level when Defendant was having Party outside the building next to the Plaintiff's apartment with Professional DJ Speakers and Microphone including a lot of people screaming and yelling. On Sept 27th 2018 The Defendant was negligent and discriminated repeated actions c. With 2 flyers indicating "End of Summer BBQ Fling" and changed it to "End of Summer Fling BBQ!" included with "Live DJ, games,prizes,live dancing,bubbles,popcorn machine and raffle prizes, while our maintenance staff does all the grilling - - FUN!"

d. On August 9th 2017 The Defendant was negligent about the back entrance/exit because they don't have ramps for disabled people. Plus no emergency communication with the security or the building. The Plaintiff was not mentally stable because of medication, was stuck outside for over 4 hours where the Plaintiff was found sleeping in the concrete floor caused physical pain and emotional distress to Plaintiff which caused him to go to the Hospital.

e. Fall 2017 The Defendant was negligent of the entire building because the airducts system still have excessive dirt inside the ventilation system is a possibility that there is blackmold. Caused the Plaintiff to have several respitory infections previously on Fall 2016, Fall and Winter 2017 and Winter 2018.

f. Defendant was negligent because they did not hire a professional company to clean the airduct inside the plaintiff's apartment. Instead mantainers innapropriately cleaned the airducts, caused particles to spread and contaminate the air leading the Plaintiff to go to the hospital again with another respitory infection in Winter 2018.

g. Defendant was negligent because they did not hire a professional technician to clean the air conditioner inside the Plaintiff's apartment.Instead maintainers did the job per Defendant's command in Winter 2018.

h. Summer 2018 Plaintiff was trapped inside his bedroom apartment door, after doorknob malfunctioned and remained locked inside. Caused Plaintiff to have a severe panic for his life, psychotic breakdown which caused concern for the therapist to call the police and ambulance to arrive after incident that Plaintiff escaped out bedroom by

6

accidentally ripping the metal doorknob with his hands.

Respectfully submitted

JONATHAN CASTELLANO

414 CHESTNUT ST APT 1012

SPRINGFIELD MA 01104

**CERTIFICATE OF SERVICE**

~~I hereby certify that, on April 26 2019 this document through mailing via certified will be sent electronically to the registered participants, as identified on the Notice of Electronic Filing (NEF), and that paper copies will be sent to those indicated as non-registered participants by first class mail, postage prepaid.~~

→ JONC
4/26/19

Jonathan Castellano

I hereby Certify that, on April 26, 2019 I mailed to: Plaintiff ~~Plaintiff~~ — JONC
Baystate Place Beacon Communities LCC                              4/26/19
Two Center Plaza, Suite 700 Boston, MA 02108

X [signature]

Jonathan Castellano
Plaintiff

4/26/19

7